800 Grand Concourse Owners, Inc. v Thompson (2021 NY Slip Op
50602(U))

[*1]

800 Grand Concourse Owners, Inc. v Thompson

2021 NY Slip Op 50602(U) [72 Misc 3d 129(A)]

Decided on June 25, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 25, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570029/21

800 Grand Concourse Owners, Inc.,
Petitioner-Landlord-Respondent, 
against
Charlene Thompson, Respondent-Tenant, and James Pettus,
Respondent-Appellant.

Respondent-appellant James Pettus appeals from final judgment of the Civil Court of the
City of New York, Bronx County (Miriam M. Breier, J.), entered December 8, 2020, which,
upon an order granting petitioner's motion for summary judgment, awarded possession to
petitioner in a holdover summary proceeding.

Per Curiam.
Final judgment (Miriam M. Breier, J.), entered December 8, 2020, affirmed, without
costs.
Petitioner-landlord, a cooperative corporation, established a prima facie entitlement to
summary judgment of possession under the business judgment rule. The evidentiary proof
submitted established that the cooperative followed the requisite procedure set forth in Paragraph
31(f) of the proprietary lease in terminating the tenancy of respondent Charlene Thompson on the
ground of objectionable conduct, namely, Thompson and her husband's (Pettus) vexatious
litigation against the cooperative and its members, as found by several courts, consisting of
multiple frivolous and duplicative suits, which caused the cooperative considerable expense and
resulted in the loss of insurance coverage (see generally 1050 Tenants Corp. v Lapidus,
39 AD3d 379, 383 [2007], lv denied 9 NY3d 807 [2007]). The record shows that the
cooperative board acted within the scope of its authority and in good faith to further its legitimate
interests (see 40 W. 67th St. v Pullman, 100 NY2d 147 [2003]). "[E]victing tenants who
consciously and unabashedly ... inflict thousands of dollars in unnecessary legal fees is in
furtherance of the cooperative's legitimate interests" (Lapidus, at 383).
Civil Court's comprehensive decision also correctly noted that "Thompson was provided
with multiple opportunities to be heard, to defend and to abate the objectionable conduct. The
Board listened to Thompson but found that after many chances given, the conduct continued
unabated despite her promise to curb Pettus' actions."
In opposition, respondents failed to raise any factual issue as to whether the cooperative
board acted outside the scope of its authority, in a way that did not legitimately further its
corporate purpose, or in bad faith, and that therefore its decision to terminate the tenancy was not
protected by the business judgment rule (see Matter of Levandusky v One Fifth Ave. Apt.
Corp., 75 NY2d 530 537-538 [1990]; see also 40 W. 67th St. v Pullman, 100 NY2d
at 154-155; Chiagkouris v 201 W. 16 Owners Corp., 160 AD3d 469, 470 [2018], lv
denied 32 NY3d 911 [2018]).
Appellant's present arguments that his rights under the Federal and State Constitutions have
been violated are either not properly before us on this appeal, unpreserved or without merit.THIS
CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 25, 2021